IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00255-BNB

MICHAEL C. FIELD,

Applicant,

v.

HOYT BRILL, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 24 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Michael C. Field, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Kit Carson

Correctional Center in Burlington, Colorado.  On February 2, 2010, Mr. Field, acting *pro

se*, submitted to the Court two Applications for a Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254.  In both applications, Mr. Field claims his right to a speedy trial was

violated in his state criminal proceeding.

In an order entered on February 10, 2010, Magistrate Judge Boyd N. Boland

directed Respondents to file a Pre-Answer Response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A).  On February 25, 2010, Respondents

filed a Pre-Answer Response asserting that Mr. Field's Application is time-barred

pursuant to 28 U.S.C. § 2244(d) and that his claims are procedurally defaulted.  Mr.

Field filed a Reply on March 16, 2010.

The Court must construe the applications liberally because Mr. Field is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

In one of the application forms, Mr. Field identifies Case No. 00CR100 as the state criminal case that he is challenging. In the other form, he identifies the state criminal case as Case No. 00CR1004. Mr. Field states in both forms that he has not filed a previous action in federal court challenging the conviction that is under attack in this action. (Applications at 7.)

After receiving Respondents' Pre-Answer and reviewing the attached exhibits, the Court finds that the state criminal case at issue in this action is Case No. 00CR1004. Contrary to Mr. Field's denial that he has not sought relief pursuant to § 2254 in this Court regarding Case No. 00CR1004, the Court finds he is challenging the same Colorado criminal conviction in this action as he challenged in *Field v. Carochi, et al.*, No. 04-cv-00307-WDM-BNB (D. Colo. June 10, 2005). Case No. 04-cv-00307-WDM-BNB was dismissed on the merits. Therefore, the instant § 2254 action is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), an applicant must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider any second or successive claim that he asserts. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In the absence of such authorization, the Court lacks

jurisdiction to consider the merits of claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" § 2244(b)(2(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

The Court, therefore, must either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the circuit court pursuant to 28 U.S.C. § 1631. *Id.* at 1252. The factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the
> proper forum, whether the claims alleged are likely to have
> merit, and whether the claims were filed in good faith or if,
> on the other hand, it was clear at the time of filing that the
> court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Field's speedy trial claim in the instant action is not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(a) and (b). Furthermore, it is clear that when the instant action was filed this

Court lacked jurisdiction over Mr. Field's claims challenging the validity of his state criminal conviction in Case No. 00CR1004.

Mr. Field has erroneously interpreted 28 U.S.C. § 2244(d). The one-year time limitation under § 2244(d) runs from the date Mr. Field's direct review is concluded or the time to seek such review expires. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year time limitation does not run, as Mr. Field suggests, from the date his last collateral or postconviction proceeding is denied or is final. Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

4

subsection.

28 U.S.C. § 2244(d).

Although Mr. Field did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied his petition for certiorari review to do so. *See* Sup. Ct. R. 13.1. In accordance with the state court record, submitted by Respondents in Exhibit F of the Pre-Answer Response, Mr. Field's petition for writ of certiorari was denied on November 10, 2003. Therefore, calculating from November 11, 2003, the day after the writ for certiorari was denied, his conviction became final February 9, 2004, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 30.1 (the last day of the period computed is included unless it is a Saturday, Sunday, in which event the period runs until the end of the next day that is not a Saturday or Sunday).

Mr. Field filed a letter with the trial court on October 12, 2004, which the trial court construed as a Rule 35(b) postconviction motion and which was denied on October 5, 2005. (Pre-Answer Resp., Ex. P at 3.) Mr. Field had forty-five days to appeal the trial court ruling. *See* Colo. App. R. 4(b). Even though Mr. Field did not appeal the denial of the motion, the time is tolled for the forty-five days. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, the time was tolled until November 21, 2005. *See* Colo. App. R. 26(a) (the last day of the period computed is included unless it is a Saturday, Sunday, or holiday, in which case the period runs until

5

the end of the next day that is not a Saturday, Sunday, or holiday). Mr. Field filed his next postconviction motion on December 29, 2005, which was denied by the trial court on April 26, 2006. (Ex. P at 3.) Mr. Field again did not appeal the denial but had forty-five days to do so. The time, therefore, was tolled from December 29, 2005, until June 10, 2006.

On July 14, 2006, Mr. Field filed a motion for a new trial. (Ex. P at 4.) The trial court denied the motion, and Mr. Field appealed. The Colorado Court of Appeals affirmed the trial court's denial and entered an order on August 30, 2007. (Ex. I.) Mr. Field had forty-six days to file a petition for certiorari review from the date the court of appeals affirmed the trial court's denial. *See* Colo. App. R. 52(b)(3). Although the LexisNexis Docket does not indicate whether Mr. Field filed a petition for certiorari review, a mandate from the court of appeals was entered on November 9, 2007. (Ex. P at 4.) Therefore, the Court finds that the time is tolled, at the most, from July 14, 2006, until November 9, 2007. Mr. Field did not file his next postconviction motion until April 10, 2008. (*Id.*)

Based on the above findings, for purposes of § 2244(d), the time was not tolled (1) from February 10, 2004 until October 11, 2004, 245 days; (2) from November 22, 2005 until December 28, 2005, thirty-seven days; (3) from June 11, 2006 until July 13, 2006, thirty-three days; and (4) from November 10, 2007 until April 9, 2008, 152 days. By December 29, 2007, 365 days had run that were not tolled for the purposes of § 2244(d). Mr. Field, therefore, is time-barred from filing a § 2254 action in this Court.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978.

The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Mr. Field bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978. Mr. Field fails to allege sufficient facts in either his applications or his Reply that might justify equitable tolling of the one-year limitation period.

Based on the above findings, a transfer of Mr. Field's speedy trial claim to the circuit court is not in the interest of justice. The instant action, therefore, will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the both Applications for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 are DENIED for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Field has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  24th   day of   March  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00255-BNB

Michael C. Field
Prisoner No. 69091
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Christine C. Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


      I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/24/10

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk